ADVANCED SYSTEMS CONSULTANTS
LIMITED, Plaintiff,

v.

ENGINEERING PLANNING
AND MANAGEMENT,
INC., Defendant.

ENGINEERING PLANNING
AND MANAGEMENT,
INC., Plaintiff,

v.

EA SYSTEMS INC. and William
Selden, Defendants.

Civ. A. Nos. 94–12522–WGY,
94–12523–WGY.

United States District Court,
D. Massachusetts.

Sept. 22, 1995.

Andrew S. O'Connor, New York City, for plaintiff.

Douglas G. Moxham, Lane & Altman, Boston, MA, Richard C. Heidlage, Heidlage & Reece, Boston, MA, for Engineering Planning Management, Inc., EA Systems Inc.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

"No blood, no foul" is one of the most venerable rules of playground basketball. The sole question of general interest that remains in these complex proceedings is whether one who commits a foul, in the form of an unfair or deceptive act in violation of the Massachusetts Consumer Protection Act, Mass.Gen.L. ch. 93A, §§ 2, 11, is liable for the attorneys' fees of an intended victim who so quickly seeks and obtains injunctive relief that no actual blood is drawn in the form of monetary or economic damages. Despite the numerous similarities between the playground and the business world, see generally Robert Fulghum, *All I Ever Really Needed to Know I Learned in Kindergarten* (1988), upon careful reflection, the "no blood, no foul" rule does not apply in the Chapter 93A

context; i.e., the target of an unfair or deceptive act or practice who incurs legal expenses in obtaining and defending injunctive relief to safeguard itself against economic loss is entitled to invoke the attorneys' fees provision of Chapter 93A.

This is a factually complex case with various post-trial motions pending. The Court limits itself here to the facts pertinent to the discrete issue noted above.

Advanced Systems Consultants Limited ("Advanced"), a British corporation, entered into an agency agreement with Engineering Planning and Management, Inc. ("EPM") on March 4, 1991, under which EPM agreed to market and license certain software on behalf of Advanced. Advanced had developed and owned the rights to the software, known as PHOENIX, a database management system used in the design, engineering, and construction of power plants and other industrial facilities. During the life of the agreement, an employee of EPM, William Selden ("Selden"), left EPM and went to work for one of its competitors, EA Systems Inc. ("EAS"). EAS then acquired Advanced.

Numerous disputes arose among the parties regarding the agency agreement, the use of PHOENIX, and Selden's conduct. After a nonjury trial limited to questions of liability, the Court found and ruled that Selden and EAS had engaged in a scheme whereby Selden would "jump ship" from EPM and use the confidential knowledge and data he had obtained there, in violation of his confidentiality agreement with EPM, to further the interests of his new employer, EAS, for the purpose of crowding EPM out of its market and replacing it with EAS. Such conduct, standing alone, violates Chapter 93A. Advanced became part of the scheme following its acquisition by EAS, and is thus likewise subject to liability.

On May 15, 1995, the Court issued an injunction prohibiting Selden from taking certain actions with respect to PHOENIX and EPM's customers. During the trial on damages in July of 1995, the Court found that EPM had suffered no monetary damages as a result of Selden's conduct, as EPM had nipped the scheme in the bud and prevented its coming to fruition. The Court

further explained that it had granted the injunction "to protect EPM against the wrongful use by William Selden of EPM's internal proprietary data." In other words, had EPM not taken action, there is little doubt but that it would have suffered extensive damages as a result of the unfair or deceptive acts of Selden, EAS, and Advanced.

The Court ruled EPM was entitled to attorneys' fees in the amount of $150,000 as a result of the defendants' violation of Chapter 93A and the consequent need for EPM to seek injunctive relief and defend it throughout the proceedings. EAS and Selden moved for reconsideration of this decision, arguing that, as matter of law, an award of attorneys' fees is improper absent actual monetary or economic damage.

■ Pursuant to Section 11 of Chapter 93A:

> If the court finds in any action ... that there has been a violation of section two, the petitioner *shall, in addition to other relief provided for by this section* and irrespective of the amount in controversy, *be awarded reasonable attorneys' fees* and costs incurred in said action.

Mass.Gen.Laws Ann. ch. 93A, § 11 (West 1984 & Supp.1995) (emphasis supplied). Section two, in turn, proscribes "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Id.* § 2. A person who has not yet suffered any loss of money or property as a result of a violation of section two:

> may obtain ... an injunction if it can be shown that the aforementioned unfair method of competition, act or practice may have the effect of causing such loss of money or property.

*Id.* § 11. The language of the statute therefore mandates the award of attorneys' fees when a plaintiff has proven a violation of section two and is entitled to—though does not necessarily obtain—some form of monetary, injunctive, or other relief. *See Jet Line Servs., Inc. v. American Employers Ins. Co.,* 404 Mass. 706, 718, 537 N.E.2d 107 (1989); *Jillian's Billiard Club of Amer., Inc. v. Be-*

*loff Billiards, Inc.,* 35 Mass.App.Ct. 372, 377, 619 N.E.2d 635, *rev. denied,* 416 Mass. 1108, 625 N.E.2d 1369 (1993) (plaintiff also obtained injunction); *Stone v. W.E. Aubuchon Co.,* 29 Mass.App.Ct. 523, 525–26, 529, 562 N.E.2d 852 (1990) (dicta) ($500 attorney fee award improper despite 93A violation where all other claims disposed of without relief); *cf. Rex Lumber Co. v. Acton Block Co.,* 29 Mass.App.Ct. 510, 520, 562 N.E.2d 845 (1990) (where trial court ordered relief in the form of specific performance of agreement to convey property, losing party did not argue that absence of entitlement to money damages precluded award of attorneys' fees under 93A).

Selden and EAS seek to avoid this result by asserting that attorneys' fees are recoverable only if the plaintiff can demonstrate that it has already suffered an actual loss. In support of this proposition, they cite *Martha's Vineyard Auto Village, Inc. v. Newman,* 30 Mass.App.Ct. 363, 569 N.E.2d 401, *rev. denied,* 409 Mass. 1105, 571 N.E.2d 28 (1991). That case involved a lengthy dispute between car dealers, one of whom was found to have violated Chapter 93A. The Superior Court awarded attorneys' fees and costs—but no other relief—despite the absence of any damage to the plaintiff arising out of the 93A violation. The Appeals Court reversed the award because the plaintiff had not shown a causal connection between the violation and any loss it had sustained, explaining that a plaintiff "gets no bounty" for identifying isolated instances of unfair or deceptive conduct. *Id.* at 369–70, 569 N.E.2d 401; *see also Jet Line,* 404 Mass. at 718, 537 N.E.2d 107 (unfair or deceptive conduct must have had "some adverse effect" on plaintiff even if not quantifiable in dollars); *Alcan Aluminum Corp. v. Carlton Aluminum of New England, Inc.,* 35 Mass.App.Ct. 161, 174, 617 N.E.2d 1005, *rev. denied,* 416 Mass. 1105, 621 N.E.2d 685 (1993) (victim of 93A violation unable to quantify its damages nonetheless entitled to attorneys' fees where "there is sufficient evidence in the record to conclude" it suffered an actual loss of money or property); *International Totalizing Sys., Inc. v. PepsiCo, Inc.,* 29 Mass.App.Ct. 424, 436–37 & n. 20, 560 N.E.2d 749, *rev. denied,* 408 Mass. 1105, 563 N.E.2d 692 (1990) (award of attorneys' fees requires causal connection between unfair or deceptive act and damage suffered by plaintiff). The principle of *Jet Line* and its progeny, that Chapter 93A does not authorize or reward roving bands of private attorneys general ferreting out 93A violations in the hopes of recovering lucrative attorneys' fees awards,[1] has no application here. Here, the court has found that EPM was the target of a scheme by Selden, EAS, and—following its acquisition—Advanced, and that but for the prompt action of EPM in obtaining injunctive relief, EPM would have suffered loss of money or property. The language of Chapter 93A dictates that EPM recover attorneys' fees as there is no doubt that it was entitled to, and did in fact secure, the "other relief provided for" in the statute. *See Jet Line,* 404 Mass. at 718, 537 N.E.2d 107; *Jillian's,* 35 Mass.App.Ct. at 376, 619 N.E.2d 635.

## CONCLUSION

In sum, EPM discovered a violation of Chapter 93A, obtained injunctive relief preventing the monetary loss or economic damage which otherwise would have been inflict-

---

1. To be sure, there have been scattered judicial intimations to the contrary. *See Raymer v. Bay State Nat'l Bank,* 384 Mass. 310, 319, 424 N.E.2d 515 (1981) (although "anomalous" to grant fees with no other form of relief, modest award of attorneys' fees appropriate despite absence of proof of substantial damages where judge finds 93A violation and action was neither frivolous, unreasonable, nor groundless); *Shapiro v. Public Serv. Mut. Ins. Co.,* 19 Mass.App.Ct. 648, 658, 477 N.E.2d 146, *rev. denied,* 395 Mass. 1102, 1105, 480 N.E.2d 24, 482 N.E.2d 328 (1985) (all that need be shown to support an award of counsel fees is that the defendant committed an unfair or deceptive act, irrespective of whether that act caused a loss of money or property); *Peckham v. Continental Casualty Ins. Co.,* 895 F.2d 830, 841 (1st Cir.1990) (same); Michael C. Gilleran, *The Law of Chapter 93A* § 11:15 at 392 (1989 & Supp.1994) (stating general rule requiring "injury or adverse effect" to recover attorneys' fees but acknowledging contrary case law). Those cases, however, do not represent the current state of the law, and have been repudiated by more recent authority. *See, e.g., Jet Line Servs., Inc. v. American Employers Ins. Co.,* 404 Mass. 706, 718, 537 N.E.2d 107 (1989) (rejecting any suggestion in *Shapiro* that plaintiff may recover attorneys' fees absent proof of adverse effect).

ed upon it, and is thus entitled to recover attorneys' fees. The Court's award of $150,-000 therefore must stand, and the motion of EAS and Selden for reconsideration must be, and hereby is, *DENIED*.

None of the other post-trial motions present any issues of substance. They simply rehash matters raised and resolved at trial. Thus, though the Court has carefully considered each one, they are all *DENIED*.