## MAURICE A. ROY *vs.* GEORGE W. GREENE, INC., & another.[1]

Norfolk. September 7, 1990. - December 3, 1990.

Present: LIACOS, C.J., NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Real Property*, Right of first refusal, Option. *Jurisdiction*, Specific performance. *Practice, Civil*, Appeal. *Words*, "Right of first refusal."

Where, in *Roy v. George W. Greene, Inc*, 404 Mass. 67 (1989), this court's remand of the case to the Superior Court resulted in an order entered by the trial judge inconsistent with this court's opinion because it failed to give the plaintiff the benefit of his bargain, namely the right to purchase certain premises, on which he had a right of first refusal to purchase if they were to be sold, on the same terms and conditions provided in a purchase and sale agreement between the owner of the premises and a third party, this court again reversed the judgment below and remanded the case to the Superior Court for the entry of a judgment granting the plaintiff the right to purchase the premises on the terms and conditions provided in the purchase and sale agreement between the owner and the third party. [722-723]

CIVIL ACTION commenced in the Superior Court Department on October 26, 1984.

Following review reported in 404 Mass. 67 (1989), further proceedings were had before *B. Joseph Fitzsimmons, Jr.*, J., sitting under statutory authority.

The Supreme Judicial Court granted a request for direct appellate review.

*Mark Gordon Cerel* for the plaintiff.

*Richard D. Maciolek* for Kevin J. Carlow.

NOLAN, J. This appeal is a second incarnation of this case. In an earlier appearance (*Roy v. George W. Greene, Inc.*, 404 Mass. 67 [1989]) (*Roy I*), the material facts were set

[1]Kevin J. Carlow.

forth, and they will not be repeated here except where necessary to make sense of the new issue.

In brief, George W. Greene, Inc., the defendant (Greene), owned the property on which (Roy), the plaintiff, operated an automobile repair shop. Greene repeatedly told Roy that he would have a "right of first refusal" if the property were to be sold. In reliance on Greene's assurance of "first refusal," Roy made substantial improvements to the property.

In 1984, when Kevin Carlow gave Greene an oral offer to purchase, Greene offered the premises to Roy for $100,000 and Roy countered with an offer to pay $75,000. However, at no time after Greene was in possession of an enforceable (written) offer from Carlow did Greene invite any offer from Roy, nor did he inform Roy of the offer Carlow had made. We concluded from those facts that Greene had not given Roy the opportunity, to which his contract entitled him, to exercise a right of first refusal. On October 18, 1984, Greene signed a purchase and sale agreement with Carlow. Roy commenced an action seeking an order of specific performance, requiring Greene to sell the premises to him on the same terms and conditions as provided in the agreement with Carlow. A judge denied Roy the requested relief and the Appeals Court in an unpublished memorandum and order affirmed the trial judge's action. 25 Mass. App. Ct. 1109 (1988).

In *Roy I, supra* at 71-72, "we conclude[d] that the judge should have ordered Greene to offer to sell the premises to the plaintiff on the same terms and conditions provided in the purchase and sale agreement between Greene and Carlow." For that reason, we reversed the judgment and we remanded the case "for the entry of an order consistent with [our] opinion." *Id.* at 72. The order entered after remand, however, is not consistent with our opinion because it fails to give Roy the benefit for which he bargained, namely the right to purchase on the same terms and conditions provided in the 1984 purchase and sale agreement between Greene and Carlow.

At the end of our opinion in *Roy I*, we stated that the judge's order after remand might properly reflect such equitable considerations as the judge in the exercise of sound discretion may deem appropriate. We recognized that, in the approximately five-year period between 1984 and the date of our decision, events of which we were unaware could have occurred and they, in fairness, required recognition and adjustment in the post-remand order. However, mere escalation of value because of market conditions or subsequent elevated offers were not the type of events we contemplated. The judge's recognition of such events denied Roy the substantial relief to which he was entitled.

Because no equitable considerations other than Carlow's 1989 offer of $200,000 have been argued by the defendants or appear to have influenced the judge, we reverse the judgment below and remand the case to the Superior Court for the entry of a judgment granting Roy the right to purchase the premises on the terms and conditions provided in the 1984 purchase and sale agreement between Greene and Carlow.

*So ordered.*