JOHN L. CHRISTIAN vs. KENNETH C. EDELIN & another.[1]

No. 04-P-1391.

Norfolk. September 20, 2005. - March 16, 2006.

Present: BECK, SMITH, & COHEN, JJ.

*Contract,* Performance and breach, Implied covenant of good faith and fair dealing. *Real Property,* Right of first refusal.

In a civil action alleging breach of contract arising out of one defendant's sale of real property to the other defendant after rejecting the plaintiff's purported exercise of a right of first refusal, the judge properly granted summary judgment in favor of the defendants, where the plaintiff's response to the first defendant's notice of intent to sell to the second defendant without financing was not substantially on the same terms and conditions as the second defendant's offer, in that the plaintiff's offer contained a mortgage contingency; moreover, the plaintiff's later attempt to exercise his right of first refusal, by omitting the mortgage contingency from his offer, was not timely. [778-780]

In a civil action alleging breach of the implied warranty of good faith and fair dealing arising from one defendant's sale of real property to the other defendant after rejecting the plaintiff's purported exercise of a right of first refusal, the judge properly granted summary judgment in favor of the defendants, where there was no evidence of collusion between the defendants, and where the first defendant's notice to the plaintiff of his intent to sell to the second defendant was adequate. [780]

CIVIL ACTION commenced in the Superior Court Department on September 4, 2002.

The case was heard by *Elizabeth B. Donovan,* J., on a motion for summary judgment.

*John Foskett* for the plaintiff.

*Daniel S. Tarlow* for Kenneth C. Edelin.

*Floyd H. Anderson, Jr.,* for Boston Group Developer, Inc.

BECK, J. The plaintiff, John L. Christian, brought this action against the defendant, Kenneth C. Edelin, alleging breach of

[1]Boston Group Developer, Inc.

contract and breach of the implied warranty of good faith and fair dealing. Edelin had conveyed certain real property (the premises) to codefendant Boston Group Developer, Inc. (BGD), after rejecting Christian's purported exercise of a right of first refusal. Christian then sought an order requiring BGD to transfer the premises to him for the price and upon the terms set forth in the offer he had submitted to Edelin pursuant to his right of first refusal. A Superior Court judge allowed the defendants' motion for summary judgment; thereafter BGD obtained a certificate of judgment from the Superior Court and recorded it in the registry of deeds. Christian appeals from the summary judgment and the issuance of the certificate of judgment. For the reasons set forth below, we affirm.

*Facts.* On June 28, 1977, Edelin purchased the premises, located at 125 St. Paul Street, Brookline, from Christian and one Sylvester Wright for $85,000. The parties entered into an "Agreement of First Refusal" (Agreement)[2] whereby Christian had a right of first refusal should Edelin ever choose to sell the

---

[2]In pertinent part, the Agreement provided:

"*THREE*: If at any time the party hereto shall receive an Offer to Purchase their lot(s) or any portion thereof, which party is willing to accept, prior to such sale, or transfer, the party shall comply with the following terms and procedures as a condition precedent thereto:

"1. The party receiving the offer shall give notice to the other party of such offer divulging all financial and other terms and conditions of said offer.

"2. The party receiving said notice shall accept or reject such offer by notice in or within ten (10) days of receipt thereof.

"3. If the party receiving said notice elects to so purchase the party shall enter into a mutually acceptable Purchase and Sale Agreement no later than fifteen (15) days after said notice of election to purchase. At the time of the execution of the Purchase and Sale Agreement, the party electing to purchase shall pay the deposit of ten (10%) percent of the purchase price. The closing shall occur in or within sixty (60) days thereafter.

"4. If any party elects not to exercise his right, or fails to exercise it in a timely manner, the offering party shall be free to sell or otherwise transfer said premises to anyone at any time thereafter, but only on terms no more favorable to purchaser than those contained in the notice described in THREE (1) hereinabove."

premises. Upon receiving notice from Edelin of his intent to sell the premises to a third party, Christian would have ten days to accept or reject the third party's offer.

On July 25, 2002, Edelin accepted an offer from BGD, subject to the Agreement. On that same date, he notified Christian in writing that he had received and accepted a bona fide offer from BGD to purchase the premises. Edelin said he was willing to sell the premises to Christian subject to the Agreement. Attached to the notice was a copy of the BGD cash offer, which listed a purchase price of $1,200,000, an initial deposit of $1,000, an additional deposit of $39,000 due upon the execution of a purchase and sale agreement, and the remaining $1,160,000 balance due upon delivery of the deed. The offer also stated that the terms of the BGD offer were subject to the execution of a purchase and sale agreement within fourteen days of Edelin's acceptance of the offer. Christian received this notice on July 26, 2002.

On July 31, 2002, Christian's attorney sent a letter to Edelin stating, "Please consider this letter as proper notice that Mr. Christian intends on exercising his rights to purchase the property . . . . Specifically, Mr. Christian will purchase the property for . . . $1,200,050 . . . under the conditions outlined in Paragraph Three of the Right of Refusal, and, due to such short notice, *subject to a reasonable mortgage contingency date*" (emphasis supplied).

On August 1, 2002, Edelin's counsel notified Christian by letter that Christian had not exercised his right of first refusal as set out in the Agreement, because the addition of a mortgage contingency was a material alteration of the BGD cash offer. On August 6, 2002, eleven days after receiving notice of the BGD offer, Christian's counsel wrote another letter indicating Christian's intent to exercise his right of first refusal. This letter omitted the mortgage contingency. Edelin chose not to sell the premises to Christian because he believed that Christian had not timely exercised his right of first refusal. Subsequently, in September, 2002, Edelin sold the premises to BGD for $1.2 million.

*Right of first refusal.* "Upon notice of a bona fide offer to purchase, the right of first refusal ripens into an option to

purchase the property at the price and otherwise on the terms stated in the offer." *Frostar Corp.* v. *Malloy,* 63 Mass. App. Ct. 96, 103 (2005). On this record, there is no dispute that BGD made a bona fide offer to buy the premises. See *Uno Restaurants, Inc.* v. *Boston Kenmore Realty Corp.,* 441 Mass. 376, 383 (2004) ("A third-party offer is bona fide if it was made 'honestly and with serious intent,' that is, if the offeror genuinely intends to bind itself to pay the offered price" [citation omitted]). Edelin's July 25 letter to Christian provided Christian with adequate notice of Edelin's intent to sell the premises for $1.2 million without financing. Therefore, upon Christian's receipt of Edelin's letter on July 26, Christian had ten days, or until August 5, to exercise his right of first refusal. "It is basic, of course, that an option may be exercised only in strict compliance with its terms." *Franklin* v. *Wyllie,* 443 Mass. 187, 196 (2005), quoting from *Stone* v. *W.E. Aubuchon Co.,* 29 Mass. App. Ct. 523, 527 (1990). In order to meet a third party's bona fide offer, the right of first refusal holder is "required to purchase the land on substantially the same terms and conditions as presented in the [offer]." *Franklin* v. *Wyllie, supra* at 195-196. The terms stated in Christian's July 31 letter were not on substantially the same terms and conditions as presented in the BGD offer. While the BGD offer was a cash offer, Christian's offer was subject to a mortgage contingency. An offer containing a mortgage contingency is not the same as a cash offer because the former is conditioned on the offering party obtaining adequate financing while the latter is unequivocal. "A notice of acceptance that is in any respect conditional . . . is not an operative notice of acceptance." 3 Corbin on Contracts § 11.8, at 529-530 (rev. ed. 1996). See *Moss* v. *Old Colony Trust Co.,* 246 Mass. 139, 148 (1923) ("It is elementary law that an offer must be accepted in the terms in which it is made in order to become a binding contract, and that a conditional acceptance or one that varies from the offer in any substantial respect is in effect a rejection and is the equivalent of a new proposition").

Nor was Christian's August 6 letter a valid exercise of his right of first refusal. The Agreement provided that he had ten days from receipt of notice from Edelin to exercise his rights.

Christian's August 6 letter was dated eleven days after he received such notice.[3]

*Implied warranty of good faith and fair dealing.* "The covenant of good faith and fair dealing is implied in every contract." *Uno Restaurants, Inc.* v. *Boston Kenmore Realty Corp.*, 441 Mass. at 385. There is no breach of the covenant "so long as neither party injures the rights of [the other] to reap the benefits prescribed by the terms of the contract." *Ibid.* "[I]n the absence of collusion, a determination of good faith and fair dealing in the context of a right of first refusal rests on the adequacy of the notice afforded to the holder of the right regarding any third-party offer." *Ibid.*

There is no evidence of collusion between Edelin and BGD in this case. Therefore, our focus is on the adequacy of Edelin's notice to Christian. In the July 25, 2002, letter, Edelin clearly notified Christian of his acceptance of BGD's offer, attached the $1.2 million offer to the letter, and offered Christian the opportunity to exercise his right of first refusal. Since the notice was adequate, there was no breach of the implied warranty of good faith and fair dealing. See *id.* at 386.

We reject Christian's argument that Edelin breached the implied warranty of good faith and fair dealing by allegedly sending notice to Christian's home knowing that Christian was in Montreal and would be unable to receive it. "An adverse party may not manufacture disputes by conclusory factual assertions; such attempts to establish issues of fact are not sufficient to defeat summary judgment." *Ng Bros. Constr., Inc.* v. *Cranney*, 436 Mass. 638, 648 (2002). At summary judgment, Christian presented no evidence other than a conclusory factual assertion that Edelin knew of his absence. Therefore, the Superior Court judge properly granted summary judgment to the defendants on this issue.

*Certificate of judgment.* Because of the result we reach, there is no need to decide whether the Superior Court judge properly issued a certificate of judgment to BGD.

---

[3]To the extent we do not discuss other arguments made by Christian (e.g., that Edelin's failure to disclose whether a broker was involved relieved Christian of his duty to strictly comply with the terms of the right of first refusal), they "have not been overlooked. We find nothing in them that requires discussion." *Commonwealth* v. *Domanski*, 332 Mass. 66, 78 (1954).

*Costs and fees.* The defendant BGD's request for double costs and attorney's fees on appeal pursuant to Mass.R.A.P. 25, as amended, 378 Mass. 925 (1979), and G. L. c. 231, § 6F, is denied.

*Judgment affirmed.*