Cratsley, John C., J.
INTRODUCTION
The plaintiff, Andrew Fienberg, is acting in his capacity as trustee of Aidee Realty Trust, owner of the premises located at 382-390 Boylston St. Boston, MA, and he seeks a Declaratory Judgment from this Court (1) interpreting Rattlesnake Bar and Grills, Inc.’s Right of First Refusal under its lease and (2) identifying the correct buyer to whom Andrew Fienberg is compelled to convey 382-390 Boylston St. The defendant, Sam Hassan, is seeking Specific Performance from this Court ordering Andrew Fienberg to convey 384 Boylston St. to him. Sam Hassan’s action for Specific Performance and Andrew Fienberg’s action for Declaratory Relief have been consolidated for the sake of judicial economy. Rattlesnake Bar and Grill, Inc. currently leases 384 Boylston St. from Fienberg and is seeking to purchase the premise pursuant to its Right of First Refusal.
BACKGROUND
This dispute involves the sale of real estate located at 382-390 Boylson St. located in the Back Bay neighborhood of Boston, Massachusetts (“382 Boylston”). Aidee Trust (“Aidee”) owns 382 Boylston and is seeking to sell the premise through its trustee Andrew Fienberg (“Fienberg”). Rattlesnake Bar and Grill, Inc. (“Rattlesnake”) has leased 382 Boylston from Aidee since October of 1992. Rattlesnake’s lease with Aidee states, “If the Lessor decides to sell the real estate, the Lessee shall have the right of first refusal and if the Lessee matches a bona fide written offer to purchase which the Lessor has been offered.”
On May 14, 2008, Fienberg received an offer to purchase 382 Boylston from Sam Hassan (“Hassan”). Hassan offered to purchase 382 Boylston for a total of *12 $4,500,000 with a $500,000 deposit and a closing date of June 16, 2008. The deposit of $500,000 was wired with Hassan’s written offer. Paragraph three of Hassan’s offer requires the execution of a Purchase and Sales agreement by May 23, 2008. Rattlesnake was notified of Hassan’s offer to purchase 382 Boylston on May 19, 2008. Fienberg notified Rattlesnake of Hassan’s offer through a Notice of Intent to Sell which reads in relevant part, “. .. it will be necessary to match the offer terms, including without limitation, the down payment, the price, the date of execution of the purchase and sales agreement, the closing date, and the absence of contingencies for matters such as financing, inspection, and the like.” On May 22, 2008, Hassan and Fienberg executed a Purchase and Sales agreement. On June 3, 2008, Rattlesnake submitted an offer to Fienberg to purchase 382 Boylston St. Rattlesnake’s offer to purchase 382 Boylston St. providing for a total purchase price of $4,500,000, a $500,000 deposit, and a closing date of August 1, 2008. A signed Purchase and Sales agreement was submitted by Rattlesnake to Fienberg on June 13, 2008. Included in Rattlesnake’s Purchase and Sales agreement were several representations and warranties that were not included in the Purchase and Sales Agreement executed by Hassan and Fienberg.
DISCUSSION A. Standard of Review
The court will grant summary judgment when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); see also Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983), Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opponent’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809, (1991), Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Pederson, 404 Mass. at 17. If the moving party submits evidence that indicates that the plaintiff cannot demonstrate the essential elements of a claim, summary judgment should be granted. See Kourouvacilis, 410 Mass. at 711-12.
There are no genuine issues of material fact in this case. Hassan and Rattlesnake do not dispute the content of each other’s offer. There is no dispute regarding the dates and nature of all relevant events. Rattlesnake contends that there may be an issue of material fact as to whether they were provided with sufficient time to produce an offer to Fienberg. The dispositive legal issue in this case is whether Rattlesnake offered to purchase 382 Boylston St. on the same terms as Hassan. The length of time which Rattlesnake had to prepare its offer does not determine the substance of the offer such that this issue of fact is not material in this case. As I find no dispute as to the material facts in this, case, this Court may properly grant summary judgment as a resolution to this dispute.
A. Rattlesnake’s Right of First Refusal Only Requires Rattlesnake to Match a Bona Fide Written Offer from a Third Party
“It is axiomatic that to create an enforceable contract, there must be agreement between the parties on the material terms of that contract, and the parties must have a present intention to be bound by the agreement.” Situation Mgmt. Sys, Inc. v. Malouf, Inc., 430 Mass. 875, 878 (2000). “To create an enforceable contract, the parties must have had the intention to be bound by their agreement at the moment of its formation.” Basis Tech. Corp. v. Amazon.com, Inc., 71 Mass.App.Ct. 29, 30 (2008). See also McCarthy v. Tobin, 429 Mass. 84, 87, 706 N.E.2d 629 (1999) (intention to be bound is the “controlling fact”); Situation Mgmt. Sys., Inc. v. Malouf, Inc., 430 Mass. 875, 878, 724 N.E.2d 699 (2000); Hunneman Real Estate Corp. v. Norwood Realty, Inc., 54 Mass.App.Ct. 416, 419-21, 765 N.E.2d 800 (2002). A “reasonably intelligent person” standard is appropriate to resolve interpretive problems regarding contract terms. See Citation Ins. Co. v. Gomez, 426 Mass. 379, 381 (1998).
There are two conflicting documents that contain the terms and conditions by which Rattlesnake must exercise its right of first refusal. Rattlesnake’s lease with Aidee states, “If the Lessor decides to sell the real estate, the Lessee shall have the right of first refusal and if the Lessee matches a bona fide written offer to purchase which the Lessor has been offered.” (Emphasis added.) The Notice of Intent to Sell that was provided to Rattlesnake by Fienberg instructs that in order for Rattlesnake to validly exercise its right of first refusal it would be “necessary to match the offer terms, including without limitation, the down payment, the price, the date of execution of the purchase and sales agreement, the closing date, and the absence of contingencies for matters such as financing, inspection, and the like.”
In October of 1992, Rattlesnake and Aidee executed a lease for the premises located at 382 Boylston St. As no allegations or assertions to the contrary have been raised, it is presumed that this lease was negotiated and agreed upon by both Aidee and Rattlesnake. Over the course of 16 years Rattlesnake and Aidee continued to abide by their lease agreement making it clear that both parties intended to be bound by the lease.
*13 Prior to May 19, 2008, Hassan and Fienberg engaged in negotiations to sell 382 Boylston St. and came to a mutually accepted agreement. In agreeing to the sale of 382 Boylston St., Hassan and Fienberg intended to be bound by their agreement. Rattlesnake was informed of this agreement on May 19, 2008. Rattlesnake neither negotiated the terms of Hassan’s offer nor intended to be bound by the terms of Hassan’s agreement with Fienberg. Between Hassan and Fienberg, the offer to sell 382 Boylston St. may have created a binding offer. Hassan’s offer did not create a binding agreement as to Rattlesnake. The provisions that Fienberg requested Rattlesnake to match are not specified in any binding agreement with Rattlesnake and Rattlesnake is not required to adhere to them. The binding and agreed upon lease between Aidee and Rattlesnake simply demands that Rattlesnake match a “bona fide written offer.”
B. Rattlesnake Substantially Matched the Terms of Hassan’s Offer and Properly Exercised Its Undisputed Right of First Refusal
“A right of first refusal provision is designed to afford the holder protection against a sale to others.” Roy v. George W. Greene, Inc., 404 Mass. 67, 71 (1989). “[UJnless the context of the agreement dictates otherwise, the term ‘right of first refusal’ and expressions of similar import refer to a right that arises only after the owner has received an enforceable offer to buy.” Id. “[I]t is well settled that the landlord [may not] call upon the tenants to exercise their option or lose it prior to receipt of a bona fide offer from a third person at a price she was willing to accept.” Id. at 71 (quoting, Cortese v. Connors, 1 N.Y.2d 265, 267 (1956)). “Aright of first refusal is not an option to purchase property at a certain price, but a limitation on the owner’s ability to dispose of property without first offering the property to the holder of the right at the third party’s offering price . .. The owner’s obligation under a right of first refusal is to provide the holder of the right seasonable disclosure of the terms of any bona fide third-party offer ... It is the prerogative of the holder then to decide whether to purchase the property at that price.” Uno Restaurants, Inc. v. Boston Kenmore Realty Corp., 441 Mass. 376, 382-83 (2004). “Upon notice of a bona fide offer to purchase, the right of first refusal ripens into an option to purchase the property at the price and otherwise on the terms stated in the offer.” Frostar Corp. v. Malloy, 63 Mass.App.Ct. 96, 103 (2005) (citing Mucci v. Brockton Bocce Club, Inc., 19 Mass.App.Ct. 155, 159, 472 N.E.2d 966 (1985)). The “probable intention of the parties to the lease is, of course, a significant guide” to interpreting a right of first refusal. Reef v. Bernstein, 23 Mass.App.Ct. 599, 602 (1987) (citing Shane v. Winter Hill Fed. Sav. & Loan Ass’n., 397 Mass. 479, 483 (1986)). In order to execute a right of first refusal, the holder must purchase the real estate on “substantially the same terms and conditions” as the third party who triggered the right. Town of Franklin v. Wyllie, 443 Mass. 187, 195-96 (2005).[1]
There is no dispute in this case as to whether Hassan’s written offer to Fienberg constituted a bona fide offer. Rattlesnake’s right of first refusal was triggered on May 19, 2008 when it received the Notice of Intent to Sell from Fienberg containing the terms of Hassan’s offer. Upon receiving the Notice of Intent to Sell, Rattlesnake had to decide whether or not to exercise its right of first refusal and purchase 382 Boylston St. See Frostar Corp. v. Malloy, 63 Mass.App.Ct. 96, 103 (2005). Upon deciding to purchase 382 Boylston St., Rattlesnake was required to match Hassan’s written offer. Hassan’s offer includes a total price of $4,500,000, a down payment of $500,000, and a closing date of June 16, 2008. On June 3, 2008, Rattlesnake chose to exercise its right of first refusal and submitted a written offer to Fienberg. The sole difference between Rattlesnake’s offer and Hassan’s offer was the closing date. Rattlesnake proposed a closing date of August 1, 2008.
In order to match Hassan’s offer, Rattlesnake is required to purchase 382 Boylston St. on “substantially the same terms and conditions”[2] as Hassan. Town of Franklin v. Wyllie, 443 Mass. 187, 195-96 (2005). In determining whether Rattlesnake’s proposed closing date is substantially similar to Hassan’s closing date it is essential to look to the intentions of the parties and their relationship to each other. See Reef v. Bernstein, 23 Mass.App.Ct. 599, 602 (1987). Aidee and Rattlesnake’s pre-existing relationship as a landlord and tenant effects the impact of the closing date. By moving the closing date Rattlesnake pays and Fienberg receives rent for an additional month and a half. Furthermore, Rattlesnake submitted its offer to Fienberg 13 days prior to the closing date proposed by Hassan and would benefit from the later closing date. In essence, a later closing date benefits both Fienberg and Rattlesnake in a manner that is detrimental to neither party. Certainly a right of first refusal cannot be construed as a right of a third party to demand that others contract to their net detriment. Both Fienberg and Rattlesnake benefited by changing the closing date to August 1, 2008. Rattlesnake’s offered to purchase 382 Boylston St. on substantially the same terms and conditions as Hassan but through a procedure that was mutually beneficial to Fienberg and Rattlesnake well within the context their specific long-term business relationship. Given that Rattlesnake’s offer substantially matched the terms and conditions of Hassan’s offer, Rattlesnake properly executed its right of first refusal.
ORDER
For the foregoing reasons, it is therefore ORDERED that the Rattlesnake’s motion for summary judgment is GRANTED. Hassan’s cross motion for summary judgment is DENIED.

In Town of Franklin, the Supreme Judicial Court dealt *14 with a town’s right of first refusal arising under G.L.c. 61A, §14. The Supreme Judicial Court ruled in this case that the town failed to exercise its statutory right of first refusal when it did not match the terms of a third-party Purchase and Sales agreement. The facts in this case are readily distinguishable from the facts in Town of Franklin. In the current situation, Hassan made a written offer and then executed a Purchase and Sales agreement with Fienberg. In Town of Franklin, the third party made their written offer through the execution of a Purchase and Sales agreement. The Supreme Judicial Court’s recitation of material facts makes no references to a written offer submitted prior to the execution of a Purchase and Sales in Town of Franklin. When the Town of Franklin was informed of the proposed sale of land they were presented with the full Purchase and Sales agreement to review while considering whether to exercise their right of first refusal. Rattlesnake was only presented with a written, offer to purchase. Furthermore, since there was no separate written offer to purchase in Town of Franklin the Supreme Judicial Court did not and could not rule on whether a written offer or a Purchase and Sales agreement dictates the terms to be matched when exercising a right of first refusal. Finally, the town of Franklin did not even attempt to match the offer presented to it. The Town of Franklin chose to advance the position that the Purchase and Sales agreement was not a valid offer because it contained contingencies. These claims are not present in this case and Rattlesnake did make an offer and exercise its right of first refusal.

The Supreme Judicial Court did not specifically define what constitutes “substantially the same terms and conditions,” in Town of Franklin, 443 Mass. 187 (2005). The Court did rule that, although the Town of Franklin could not match certain contingencies in the triggering offer it could match the' price offered or pay fair market value, as allowed by statute in this case. In any case the Court did not hold that two offers must be identical in order to constitute a match on “substantially the same terms and conditions.”