# RESCRIPT OPINIONS.

ANDREW FIENBERG, trustee,[1] *vs.* SAM HASSAN & another[2] (and a companion case[3]). No. 09-P-1545. June 16, 2010. *Real Property,* Sale, Purchase and sale agreement, Right of first refusal. *Contract,* Sale of real estate.

The defendant Sam Hassan, also known as Hicham Ali Hassan (Hassan), appeals from a judgment entered in the Superior Court, which declared that the defendant Rattlesnake Bar & Grill, Inc. (Rattlesnake), validly exercised a right of first refusal it held to purchase property owned by the plaintiff Fienberg, and that Rattlesnake's exercise of the right of first refusal operated to nullify the offer to purchase the property previously made by Hassan and accepted by Fienberg. Because Rattlesnake's notice exercising its right of first refusal materially deviated from certain terms of Hassan's offer, we conclude that Rattlesnake did not validly exercise its right of first refusal, and reverse.

Fienberg owns property at 382-390 Boylston Street, Boston, and Rattlesnake occupies the property under a written lease. The lease includes the following provision:

> "If the Lessor decides to sell the real estate, the Lessee shall have the right of first refusal if the Lessee matches a bona fide written offer to purchase which the Lessor has been offered."

On May 14, 2008, Hassan submitted to Fienberg a written offer to purchase the property for a total purchase price of $4.5 million, with a deposit of $500,000 paid with the offer and the balance to be paid at the time of closing. The offer further specified that the parties would enter into a purchase and sale agreement on or before May 23, 2008, and that the transaction would close on June 16, 2008. The offer included a requirement that Fienberg notify Rattlesnake of the offer "in accordance with the right of first refusal set forth in the lease" on or before May 19, 2008. Fienberg signed the offer, signifying acceptance of it.[4]

On May 19, 2008, Fienberg sent to Rattlesnake a written notice of Hassan's offer, including a copy of the offer. On June 6, 2008, Rattlesnake submitted to Fienberg a written offer to purchase the property for a total purchase price of

---

[1]Of Aidee Realty Trust.

[2]Rattlesnake Bar & Grill, Inc.

[3]Hicham Ali Hassan *vs.* Andrew Fienberg, trustee of Aidee Realty Trust.

[4]The offer did not state in express terms that the buyer's rights and the seller's obligations were subject to Rattlesnake's rights under the right of first refusal, but the parties presumably understood that their actual knowledge of the right of first refusal would operate to that effect.

$4.5 million, with a deposit of $500,000 to be paid by wire transfer upon acceptance of the offer and the balance to be paid at the time of closing. The offer further specified that the parties would enter into a purchase and sale agreement on or before June 20, 2008, and that the transaction would close on August 1, 2008. Finally, the offer addressed the possibility that a dispute could arise concerning the validity of Rattlesnake's exercise of its right of first refusal; paragraph 5 of the offer authorized Fienberg to commence an action for a declaratory judgment in that event, and further addressed the parties' further rights upon determination of the declaratory judgment action.[5]

"A right of first refusal is a limitation on a property owner's ability to sell the property to a third party, requiring the owner to first offer the property to the holder of the right at the third party's offering price and terms." *T.W. Nickerson, Inc.* v. *Fleet Natl. Bank*, 456 Mass. 562, 571-572 (2010). "Upon notice of a bona fide offer to purchase, the right of first refusal ripens into an option to purchase the property at the price and otherwise on the terms stated in the offer." *Frostar Corp.* v. *Malloy*, 63 Mass. App. Ct. 96, 103 (2005).[6] "Accordingly, to meet [Hassan's] bona fide offer, [Rattlesnake] was required to purchase the [property] on substantially the same terms and conditions as presented in [Hassan's offer]. See *Stone* v. *W.E. Aubuchon Co.*, 29 Mass. App. Ct. 523, 527 (1990) ('It is basic, of course, that an option may be exercised only in strict compliance with its terms')." *Franklin* v. *Wyllie*, 443 Mass. 187, 195-196 (2005).[7] In the present case, Rattlesnake's offer matched the price set forth in Hassan's offer, but did not match other material terms. In particular, Rattlesnake's offer proposed a closing date of August 1, fifty-six days after the date of Rattlesnake's offer and more than forty-five days after the closing date specified in Hassan's offer.[8] The difference in time was significant in both absolute and relative terms, since Hassan's offer to purchase called for a closing to occur in thirty-three days.[9] Indeed, the date Rattlesnake specified for the parties to execute a more detailed purchase and sale agreement was later than the date Hassan's offer specified to close the transaction.

[5]On May 22, 2008, Fienberg and Hassan entered into a purchase and sale agreement. On June 13, 2008, Rattlesnake tendered to Fienberg a proposed purchase and sale agreement that it had signed, but Fienberg did not sign it. Like the Rattlesnake offer, both purchase and sale agreements included provisions directed to the possibility of a dispute concerning the effect of the right of first refusal on the parties' respective rights and obligations.

[6]The parties do not dispute that Hassan's offer to purchase was bona fide.

[7]As in *Franklin* v. *Wyllie, supra*, there is no indication in the present case that Hassan and Fienberg engaged in collusion designed to deprive Rattlesnake of a reasonable opportunity to exercise its right of first refusal.

[8]We note that Hassan's offer provided that "[t]ime is of the essence."

[9]Rattlesnake's reliance on *Burke* v. *C.W. Francis Enterprises, Inc.*, 60 Mass. App. Ct. 1105 (2003), for the proposition that a facially similar difference in the time for performance is immaterial, is misplaced for several reasons. First, the memorandum of decision in that case issued before the opinion in *Chace* v. *Curran*, 71 Mass. App. Ct. 258, 260 n.4 (2008), which prospectively removed the prohibition against citation to unpublished decisions of this court. Second, even after *Chace* v. *Curran*, unpublished decisions may be cited solely for persuasive and not precedential value. Finally, in reaching its conclusion, the panel in *Burke* defers to the trial judge's determination of the "intended meaning" of the relevant provision of the parties' agreement, though the decision does not recite the language of the right of first refusal itself or, for that matter, the other provisions of the parties' agreement. We are consequently unable to ascertain

As the court observed in *Uno Restaurants, Inc.* v. *Boston Kenmore Realty Corp.*, 441 Mass. 376, 389 (2004), "[r]ights of first refusal provide the weakest protection of all possible option arrangements." Indeed, in *Uno Restaurants, Inc.*, the court rejected explicitly the rationale that a right of first refusal does not allow a third party to dictate the terms of a contract between the parties to the right of first refusal: "[i]nherent in a right of first refusal is the fact that a third party, not the holder of the right, will dictate the price" and other terms. *Id.* at 384.

Had Fienberg wished to preserve his freedom to contract with Rattlesnake to sell the property for the same price but on different terms, he could have deferred his acceptance of Hassan's offer until after Rattlesnake had an opportunity to submit an offer. However, once Fienberg accepted Hassan's offer, he became bound to Hassan subject only to a valid exercise by Rattlesnake of its right of first refusal. Since Rattlesnake's offer did not match Hassan's as to, inter alia, the closing date, it did not constitute a valid exercise of Rattlesnake's right of first refusal.

The judgment is reversed, and the case is remanded for entry of a new judgment, declaring that Rattlesnake did not validly exercise its right of first refusal, and ordering Fienberg to convey the property to Hassan in accordance with the terms of the purchase and sale agreement between Hassan and Fienberg.

*So ordered.*

*Gregory V. Sullivan* for Sam Hassan.

*Joseph M. Klements* for Andrew Fienberg.

*Alan S. Fanger* for Rattlesnake Bar & Grill, Inc.


from the decision the extent to which its conclusion rests on the intent of the parties as reflected in the language used in their agreement.