Ullmann, Robert L., J.
The plaintiff, Dennis Serrano, individually and as trustee of The Catania Trust, has moved for a preliminary injunction to restrain defendant Catherine Serrano, individually and as trustee of Marina Trust, from selling, encumbering or in any other way affecting title to 49/49A Day Street and 53/53A Day Street, two parcels of land in the immediate vicinity of Davis Square, Somerville (the “Property”). A hearing was held on April 30, 2014. For the reasons set forth below, plaintiffs motion is ALLOWED.
Relevant Facts
The core facts necessary to decide this motion appear to be undisputed. Since 1993, Dennis Serrano has had a right of first refusal to purchase the Property, through separate grants for each of the two parcels. In March of this year, the defendant advertised the Property as a “rare blue chip Davis Square parcel,” and received an offer from Stephen J. Bremis of Bremis Realty, Inc. to purchase the Property for $2.2 million in cash. On March 20, 2014, plaintiff received notice of the offer, which called for an initial $5,000 deposit, with additional monies to be paid when the purchase and sale agreement was executed, and the balance to be paid at the time of closing in June. On April 10, 2014, plaintiff provided timely notice (within 30 days) to the defendant that he was exercising his right of first refusal on the Property, and enclosed a deposit check in the amount of $5,000.
After making its initial offer, Bremis Realty, Inc. has enhanced its offer in certain respects, including offering to advance its payments and the closing date. It also appears that Bremis Realty, Inc. has more cash on hand than plaintiff has. Plaintiff, however, is not in default of any terms of the offer that was communicated to him.
Legal Discussion
A. The Legal Standard
Under the well-established test of Packaging Industries Group v. Cheney, 380 Mass. 609, 617 (1980), a preliminary injunction is warranted only when the moving party establishes both a likelihood of success on the merits of the claim, and a substantial risk of irreparable harm in the absence of an injunction. Once these factors are established, the Court must balance them against the harm that an injunction will inflict on the opposing party, and must also consider the impact on the public interest. See T&D Video, Inc., v. City of Revere, 423 Mass. 577, 580 (1996). In the context of a motion for preliminary injunction, the “rights which may be irreparably lost are those not capable of vindication by a final judgment, rendered either at law or in equity.” Packaging Industries, 380 Mass. at 617, n.11 (additional citation omitted).
B. Application of the Legal Standard
1. Likelihood of Success on the Merits
At this juncture, Dennis Serrano has shown a reasonable likelihood of obtaining a judgment allowing him to enforce his right of first refusal and purchase the Property. In order to meet a third party’s offer, a “right of first refusal holder is ‘required to purchase the land on substantially the same terms and conditions as presented in the [offer].’ ” Christian v. Edelin, 65 Mass.App.Ct. 776, 779 (2006), quoting Franklin v. Wyllie, 443 Mass. 187, 195-96 (2005). Here, plaintiff timely offered to purchase the Property on the terms of the third-party offer, and paid the initial deposit. It is reasonably likely that plaintiff will have the remaining funds required under the offer that he accepted.
*131 In Christian v. Edelin, supra relied on by the defendant, the Appeals Court upheld a property owner’s rejection of plaintiffs right of first refusal because the plaintiffs offer included a mortgage contingency. Not surprisingly, the Appeals Court concluded that a contingent offer to purchase real estate is substantially different than an unconditional offer to purchase. Here, Dennis Serrano’s offer was substantially the same as the Bremis Realty, Inc. offer. It does not matter if Bremis Realty, Inc. has more cash on hand than plaintiff has, or if it is now willing to make advance payments and expedite the closing. Plaintiff has demonstrated a reasonable likelihood of success by timely exercising his right of first refusal and matching the terms of the third-party offer that was communicated to him.
2. Irreparable Harm
Absent a preliminaiy injunction, the Properly could be sold to Bremis Realty, Inc. or another third party. Such a sale would constitute irreparable harm to Dennis Serrano. “It is well-settled law in this Commonwealth that real property is unique and that money damages will often be inadequate to redress a deprivation of an interest in land.” Greenfield Country Estates Tenants Association, Inc. v. Deep, 423 Mass. 81, 88 (1996). In this case, plaintiff has held a right of first refusal on the Property since 1993. Moreover, the Property has unique characteristics due to its prime location in the immediate vicinity of Davis Square, as advertised by the defendant.
3. Harm to the Defendant and Public Interest
No significant harm to the defendant will result from granting the injunction. If Dennis Serrano complies with the terms of the offer communicated to him, defendant and Marina Trust will have obtained everything to which they are entitled. If plaintiff does not comply with the terms of his offer, the Court will dissolve the preliminary injunction. No harm to the public interest will result from granting the injunction.
ORDER
Plaintiffs Motion for Preliminary Injunction (Filing #5) is ALLOWED.
Defendant Catherine Serrano and all those acting on her behalf or on behalf of Marina Trust shall not sell, encumber or in any other way affect title to 49/49A Day Street and 53/53A Day Street, Somerville, pending further order of the Court.