NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

22-P-1139                                      Appeals Court

ENI 131 COMMERCE WAY LLC  vs.  T.L. EDWARDS, INC.


No. 22-P-1139.

Norfolk.     September 13, 2023. - March 20, 2024.

Present:  Green, C.J., Desmond, & Hodgens, JJ.


Declaratory Relief.  Practice, Civil, Declaratory proceeding, Motion to dismiss.  Real Property, Right of first refusal, Specific performance.  Lis Pendens.


Civil action commenced in the Superior Court Department on June 14, 2022.

A special motion to dismiss was heard by Joseph F. Leighton, Jr., J.


Matthew S. Furman for the defendant.
James C. McGrath (Anthony J. LaPlaca also present) for the plaintiff.


HODGENS, J.  ENI 131 Commerce Way LLC (ENI) filed a verified complaint in the Superior Court seeking declaratory relief and specific enforcement of its right of first refusal (ROFR) to purchase property comprising approximately fifty-seven acres of land in the town of Plymouth from T.L. Edwards, Inc.

(owner).  ENI filed a motion for approval of a memorandum of lis pendens; the owner filed an opposition and special cross motion to dismiss pursuant to the procedure outlined in G. L. c. 184, § 15 (c).  After a hearing, a judge allowed ENI's motion for approval of a memorandum of lis pendens.  After a separate hearing, another judge (motion judge) denied the owner's special cross motion to dismiss.  The owner brings this interlocutory appeal.  We affirm.

To prevail on its special motion to dismiss, the owner had to demonstrate by a preponderance of the evidence that ENI's claim is "frivolous because (1) it is devoid of any reasonable factual support; or (2) it is devoid of any arguable basis in law; or (3) the action or claim is subject to dismissal based on a valid legal defense such as the statute of frauds."  G. L. c. 184, § 15 (c).  Accord Ferguson v. Maxim, 96 Mass. App. Ct. 385, 389 (2019).  After holding a hearing and considering the pleadings and affidavits, the motion judge concluded that the owner did not meet that burden.  On review of the record, we discern no "abuse of discretion or error of law" by the motion judge.  Fariello v. Zhao, 101 Mass. App. Ct. 566, 569 (2022).

On appeal, the owner primarily contends that the motion judge made an error of law in failing to dismiss a claim that is "devoid of any arguable basis in law."  G. L. c. 184, § 15 (c).  In addition, the owner claims that it never offered to sell the

property to ENI for $20 million, that the property was not valued at $20 million, and that ENI's offer did not meet the ROFR requirement of being on the "same terms and conditions" as the third-party offer. Given the narrow scope of appellate review, we are not positioned to resolve all these issues. Instead, we examine only the issue raised that pertains to the governing statute -- whether ENI's complaint has "any arguable basis in law." G. L. c. 184, § 15 (c).

The record shows a dispute over the legal effect of ENI's attempt to exercise its ROFR. The owner executed a ROFR agreement with ENI's predecessor in interest and duly recorded the agreement in the Plymouth County registry of deeds. According to the ROFR agreement, the owner agreed that it would not sell the property to a third party unless four conditions were satisfied: (1) the owner received a bona fide offer to purchase the property, (2) the owner provided ENI with written notice of the offer, (3) the owner offered to sell the property to ENI "on the same terms and conditions as said bona fide offer," and (4) ENI had not elected within thirty days to purchase the property "in accordance with said offer." Twelve years after executing this ROFR agreement, the owner received an offer from a third party to purchase the property in exchange for a different parcel of land. The owner then notified ENI about the terms of the third-party offer and the thirty-day

deadline "to elect to purchase the same in accordance with the said offer." The notice stated that the third party and the owner had agreed on a $20 million fair market value for the property. In response, ENI notified the owner of its intent to exercise its right to purchase the property in cash for the $20 million fair market value. The owner refused to sell to ENI. In its verified complaint, ENI claimed that it had properly exercised its ROFR. The owner countered in its special cross motion to dismiss that the ROFR agreement did not contemplate a cash equivalent for a "unique no-cash, land swap."

Based on this record, we cannot say that ENI's complaint is "devoid of any arguable basis in law." G. L. c. 184, § 15 (c). A ROFR "provision is designed to afford the holder protection against a sale to others." Roy v. George W. Greene, Inc., 404 Mass. 67, 71 (1989), S.C., 408 Mass. 721 (1990). That protection is effective only if the holder of the ROFR "has a realistic opportunity to meet the offer." Id. Here, the record shows that the owner proposed to sell the property, albeit through the mechanism of a land swap. In accordance with the ROFR agreement, the owner provided ENI with an opportunity to meet the offer made by the third party: the notice sent by the owner to ENI expressly referenced the ROFR agreement; the notice provided the information required by the terms of the ROFR agreement; the notice included a reference to the thirty-day

deadline to exercise the ROFR; and the notice included a fair market valuation for the property of $20 million, as agreed on by the owner and the third party. These facts arguably suggested an offer by the owner, in accordance with the ROFR agreement, to sell to ENI "on the same terms and conditions" as the third-party offer. See Uno Restaurants, Inc. v. Boston Kenmore Realty Corp., 441 Mass. 376, 384 (2004) ("[i]nherent in a [ROFR] is the fact that a third party, not the holder of the right, will dictate the price").

Whether ENI will ultimately prove its case remains to be seen. See, e.g., Fienberg v. Hassan, 77 Mass. App. Ct. 901, 901 (2010) (invalid exercise of ROFR where offer included different closing date that "materially deviated" from third-party offer); Christian v. Edelin, 65 Mass. App. Ct. 776, 779 (2006) (invalid exercise of ROFR where offer included mortgage contingency that deviated from third-party cash offer); Franklin v. Wyllie, 443 Mass. 187, 195-196 (2005) (exercise of ROFR involves purchasing on "substantially the same terms and conditions" as third-party offer). On the special cross motion to dismiss, however, the inquiry was limited to whether the owner had proven by a preponderance of the evidence that ENI's claim was "frivolous." G. L. c. 184, § 15 (c). The motion judge concluded that it was not frivolous, and on a review of the record, we discern no abuse of discretion or error of law in this determination.

In support of its argument that the claim is frivolous, the owner contends that "this appeal undoubtedly presents an open question under Massachusetts law."  Indeed, the motion judge agreed to the absence of reported decisions on the precise facts presented:  "There does not appear to be any Massachusetts authority squarely addressing whether the holder of a [ROFR] can meet the terms of an offer proposing a land swap for the burdened property by offering the burdened property's fair market value."  The motion judge noted cases from Alaska that state the holder of a ROFR "may propose comparable terms to the original offer."  Castle Props., Inc. v. Wasilla Lake Church of the Nazarene, 347 P.3d 990, 995 (Alaska 2015), quoting Roeland v. Trucano, 214 P.3d 343, 349 (Alaska 2009).  The owner further argues that the motion judge erred by referencing these cases.

In our view, neither the perceived open question under Massachusetts law nor the reference to persuasive authority from a sister State evinces a frivolous claim under G. L. c. 184, § 15 (c), or any error by the motion judge.  Cf. Dacey v. Burgess, 491 Mass. 311, 319 (2023) (appeal not frivolous where it "involved a question of law that this court previously had not addressed directly"); Abuzahra v. Cambridge, 486 Mass. 818, 829 (2021) (appeal not frivolous where it "involved a novel question of law"); McMillen v. McMillen, 57 Mass. App. Ct. 568,

574 (2003) ("analogous cases from other jurisdictions can be instructive when there is no controlling local authority").

Both parties' requests for attorney's fees are denied.  The order denying the special motion to dismiss is affirmed.

<u>So ordered</u>.