Nan ALSTON, Plaintiff-Appellee,

v.

Andrew WEST and Alexander Williams, a minor, by Alex Williams, his father and next friend, Defendants-Appellants.

No. 14603.

United States Court of Appeals
Seventh Circuit.
Jan. 20, 1965.

Anthony R. Lazzara, Chicago, Ill., for appellants.

John J. Quan and James J. Reidy, Chicago, Ill., for appellee.

Before DUFFY, KILEY and SWYGERT, Circuit Judges.

DUFFY, Circuit Judge.

This is a suit for damages based upon diversity jurisdiction arising from a collision between two automobiles on December 26, 1961, at the intersection of Seventy-fifth Street and Perry Avenue, in the City of Chicago, Illinois. Seventy-fifth Street runs in an easterly and westerly direction and is a four-lane highway. Perry Avenue runs in a northerly and southerly direction and is a two-lane highway which intersects Seventy-fifth Street at a right angle.

On December 26, 1961, at about 8 p. m., plaintiff was a passenger in an automobile driven by her husband, Fred Alston, and had been proceeding in a westerly direction on Seventy-fifth Street at a moderate speed. Street lights were lighted as well an the headlights of the two automobiles which collided.

When the automobile in which plaintiff was a passenger approached Perry Avenue, it indicated by its turn signals that it was going to turn south. The car slowed down in making the turn and at this point, the automobile driven by defendant Alexander Williams, then seventeen years of age, was about half a block distant from the intersection. As Williams approached the intersection, his car slid when he applied the brakes. At the time the pavement was covered with slush resulting from melting snow with ice underneath. One witness described conditions as rather slippery and a dangerous night to be driving.

The front end of defendant's car struck the right rear of the car in which plaintiff was a passenger. Williams told an investigating officer that he had been driving thirty-three miles per hour before the impact. Other witnesses estimated his speed at thirty-five to forty miles per hour. The force of the collision caused the car in which plaintiff was riding to spin completely around. Plaintiff and her husband were thrown against the windshield and plaintiff was thrown out onto the street, receiving injuries.

At the time of the collision, Williams was delivering flowers for the A & L West Florist Shop in a car which Andrew West said belonged to him, but whose wife, Louise West, said was owned jointly by her and her husband Andrew.

Another example of confusing and conflicting testimony given by defendant Andrew West and his wife is shown where Andrew West, at the trial, denied defendant Williams was his agent or employee, and denied that he, West, owned or was a partner in the A & L West Florist Shop. However, his answers to written interrogatories admitted Williams was his agent, servant and employee, and in his deposition he admitted he owned the A & L West Florist Shop.

The trial encountered a number of interruptions. Trial was commenced on November 5, 1963, and concluded on November 12, 1963. There was a total of twelve witnesses, several of whom testified briefly.

Several forms of verdict were submitted to the jury. The court instructed that the jury could not return a verdict against Andrew West unless they first found the driver of the car, Alexander Williams, liable. However, the jury disregarded the instructions in this respect and found for Alexander Williams, the driver, and against Andrew West. The court refused to accept the verdict, and resubmitted the case to the jury which thereafter returned a verdict in favor of the plaintiff and against both defendants.

There is substantial evidence in the record to support the second verdict of the jury which was the basis for the judgment entered herein.

Appellants urge that the court should have entered judgment in favor of both defendants on the original verdict or, in the alternative, should have granted a new trial. We think the trial court properly refused to accept the first verdict which was directly contrary to the instructions which had been given. Furthermore, the court properly exercised its discretion in resubmitting the case to the jury.

Defendants' counsel argues that in resubmitting the case to the jury, the trial judge, in fact, coerced the verdict, and that he should have let the jury know that it was the jury which was the trier of the facts. The trial judge here did make it plain to the jury that they were the sole judges of the facts. He did tell them that their verdict was contrary to his instructions. He further explained the three forms of verdict including one of which he had retyped himself. He also reread to the jury that portion of the charge concerning principal and agent. However, there was nothing subtracted from the original charge. We hold there is no merit whatsoever in the claim that error was committed in resubmitting the case to the jury.

Over vigorous objections, defendants' counsel was limited by the court to thirty minutes to present his argument to the jury. Counsel points out that the trial was conducted on parts of five days which, in turn, extended over a period of eight days,[1] and defendants' counsel insists, because the trial was interrupted so often, he needed more than thirty minutes to adequately and properly present the contentions of the defendants to the jury.

■ Defendants' counsel cites cases from various state courts where limitations of counsel's arguments to twenty minutes, thirty minutes and forty minutes have been held an abuse of discretion. It is our view that a trial judge in the federal judicial system has wide discretion in such matters as length of counsel's argument as long as he treats both sides substantially alike, and does not give one side a preference or advantage over the other.

It is indeed unfortunate and certainly is not good trial practice to permit a jury trial to be frequently interrupted; yet, we realize that the trial judges in the Northern District of Illinois are extremely busy and find it difficult to find time in which to perform the various duties and obligations which are placed upon them.

■ We hold, under the circumstances of this case, and in spite of the numerous trial interruptions or delays, that it was not an abuse of discretion for the trial court to limit defendants' counsel's argument to the jury to thirty minutes.

■ Appellants claim error because the trial court refused their request to submit a written interrogatory to the jury on the question of negligence of the agent. We hold there was no abuse of discretion in this respect.

We have examined the other allegations of error but find none which we consider prejudicial. We do not think that these claims merit further detailed discussion.

Judgment.

Affirmed.

---

1. No court was held on three days, namely, Veterans Day and a weekend.