WALTER R. GREY & another *vs.* EASTERN TANK LINES, INC. & another. March 27, 1979. We find no error in the denial of the plaintiffs' motion for new trial. Mass.R.Civ.P. 59, 365 Mass. 827 (1974). The record does not support the plaintiffs' contention that the jury had misunderstood the judge's instructions on the question of comparative negligence, since the judge had not instructed the jury on the effect of the answer to the special question which called upon them to apportion the percentages of negligence. Plaintiffs' counsel did not request such an instruction, and there was no objection made to the charge as delivered. *Narkin* v. *Springfield,* 5 Mass. App. Ct. 489, 491 (1977). The jury verdict was regular on its face, and the judge properly declined to interfere with it. *Shears* v. *Metropolitan Transit Authy.,* 324 Mass. 358, 360 (1949). *Carzis* v. *Hassey,* 6 Mass. App. Ct. 13, 15 (1978). Nor did the judge abuse his discretion in rejecting the jurors' "affidavit." *Forte* v. *Muzi Motors, Inc.,* 5 Mass. App. Ct. 700, 703 n.6 (1977). The action of the trial judge (who was unavoidably absent from the courthouse) in relaying an answer by telephone through the clerk to the second jury question propounded in his absence, though not prudent, does not require reversal in the absence of any objection by plaintiffs' counsel to the judge who was then with the jury, either to the procedure used, or to the content of the answer. Mass.R.Civ.P. 46, 365 Mass. 811 (1974). We suggest, as one possible alternative to the undesirable procedure used here, that the judge who instructs the jury, if he cannot be available personally to answer the question, direct that the

question be sealed, in the same manner that a verdict is sealed, that the deliberations be terminated (with appropriate instructions by the judge then with the jury as to the jury's role in the interim until deliberations are resumed) and that the jury be excused until such time as the judge can respond directly to the question after appropriate consultation with counsel regarding its contents.

*Judgment affirmed.*

*Order denying motion for new trial affirmed.*

The case was submitted on briefs.

*Robert L. Athas* for the plaintiffs.

*Stephen T. Keefe, Jr., & John R. Bologna* for Eastern Tank Lines, Inc.