LORRAINE I. ADAMS & another[1] *vs.* UNITED STATES
STEEL CORPORATION.

Worcester.  January 15, 1987. — April 23, 1987.

Present: GREANEY, C.J., KAPLAN, & ARMSTRONG, JJ.

*Negligence,* Parking lot. *Practice, Civil,* New trial, Verdict, Special ques-
tions to jury. *Evidence,* Expert opinion.

After the jury's allegedly inconsistent answers to special questions had been
    received and recorded in a negligence action, the jury had been discharged
    without the plaintiffs' having objected to either the form of the special
    questions or the jury's verdict, and judgment had been entered for the
    defendant, the judge did not abuse his discretion in denying the plaintiffs'
    motion for a new trial on the ground that the verdict was against the
    weight of the evidence. [103-105]
At the trial of a negligence action arising from an injury sustained by a
    plaintiff who fell after stepping into an unlighted drainage culvert in a
    parking lot, the judge properly excluded proffered testimony of a safety
    engineer on the ground that the jury would not benefit from expert
    testimony in deciding whether a hole in a parking lot was dangerous.
    [105]

CIVIL ACTION commenced in the Superior Court Department
on February 14, 1980.

The case was tried before *Gerald F. O'Neill, Jr.,* J., and a
motion for a new trial was heard by him.

*Andrew L. Mandell* for the plaintiffs.

*William J. LeDoux* for the defendant.

ARMSTRONG, J.  This is an action for negligence and loss
of consortium. Richard Adams was the manager of G&M Tile
Company, located in a building owned by the defendant.[2] On
the evening of October 24, 1978, he went to the G&M premises,

---

[1] Richard L. Adams.

[2] The defendant was originally denominated as United States Realty De-
velopment, but it appears that this is a division of United States Steel
Corporation.

together with his wife, Lorraine, who had never been there before. They parked their automobile in the parking lot and entered the building. When they emerged, Richard remained at the entrance to lock the door. He did not turn on the exterior light, although there was a switch near the door, and he did not recall warning Lorraine of any defects in the lot. While she was walking towards the automobile, she fell and broke her ankle. She claimed that the fall was the result of her stepping unwittingly into an unlighted drainage culvert in the lot.

At trial, both plaintiffs and a medical expert witness testified. The proffered testimony of a specialist in safety engineering was rejected on the grounds that he had nothing to say which the jury could not figure out for themselves. At the plaintiffs' request, the case was submitted to the jury on special questions under Mass.R.Civ.P. 49 (a), 365 Mass. 812-813 (1974). The jury were asked separately whether the defendant had been negligent and, if so, whether such negligence was a proximate cause of Lorraine Adams's injuries. The jury replied "yes" to the first question and "no" to the second. The verdict was recorded and the jury discharged. No objection had been made either to the form of the special questions or to the jury's verdicts. After the entry of judgment for the defendant, the plaintiffs filed a motion for a new trial, which was denied. They have appealed from both the judgment and the denial of the motion for a new trial.

The plaintiffs' principal contention is that a new trial should have been granted because the finding that the defendant's negligence was not the proximate cause of Lorraine Adams's injury is contrary to the weight of evidence. "It is doubtful whether any rule of practice has been more frequently stated than the general rule that the granting or refusal of a new trial on the ground that the verdict is against the weight of the evidence rests in the discretion of the judge." *Perry* v. *Manufacturers Natl. Bank*, 315 Mass. 653, 656 (1944). "Abuse of discretion in granting or refusing a new trial can so seldom be found that actual instances in which this court has set aside the action of the trial judge are almost nonexistent, and it has repeatedly been stated that occasions when this court can do

so are exceedingly rare." *Hartman* v. *Boston Herald-Traveler Corp.*, 323 Mass. 56, 61 (1948). See generally 11 Wright & Miller, Federal Practice and Procedure § 2819 (2d ed. 1973 & Supp. 1986). We do not see this as one of those rare cases justifying reversal.

The plaintiffs contend that this case is outside the usual rule because the answers of the jury were inconsistent as matter of law. Cf. *Celanese Corp. of America* v. *John Clark Indus.*, 214 F.2d 551, 556 (5th Cir. 1954). Accepting this as true, we do not think it changes the result. A party must object to inconsistent answers to special questions before the jury is discharged. This is clear when the inconsistency is patent on the verdict slip, i.e., apparent even to one unfamiliar with the underlying facts. *Holder* v. *Gilbane Bldg. Co.*, 19 Mass. App. Ct. 214 (1985). In this case, the inconsistency is latent, in that it is only apparent to one familiar with the underlying evidence, but the reasons for timely objection still apply. Whether the inconsistency is latent or patent, the judge has the same tools available to deal with it. First, of course, he must attempt to find a view of the evidence which harmonizes the answers. *Atlantic & Gulf Stevedores, Inc.* v. *Ellerman Lines, Ltd.*, 369 U.S. 355, 364 (1962). *McCue* v. *Prudential Ins. Co. of America*, 371 Mass. 659, 664 (1976). If the answers cannot be reconciled, the judge may submit a supplemental question to clarify the earlier answers. *Morrison* v. *Frito-Lay, Inc.*, 546 F.2d 154, 158-161 (1977). Alternatively, the judge may resubmit the case with the same questions on more detailed instructions. *Alston* v. *West*, 340 F.2d 856 (7th Cir. 1965). In some cases the judge might think a new trial the most appropriate remedy, see generally *Holder, supra*, at 218-219, but the complaining party must object prior to discharge of the jury, in order that the judge may have the opportunity to resolve the problem without incurring the expense of time and money inherent in conducting a second jury trial.

Since the plaintiffs did not object before the jury was discharged, they may not raise the issue as of right by way of a motion for new trial. Compare *Raunela* v. *Hertz Corp.*, 361 Mass. 341, 345 (1972), and *O'Donnell* v. *Bane*, 385 Mass.

114, 121 (1982), with *Hall* v. *Giusti Baking Co.*, 322 Mass. 317, 320 (1948), and *Galvin* v. *Welsh Mfg. Co.*, 382 Mass. 340, 342 and n.1 (1981). See also *McCue* v. *Prudential Ins. Co. of America*, 371 Mass. at 663-664. As stated above, we perceive no abuse of discretion.

The exclusion of the safety engineer's proffered testimony was proper. Expert witnesses are to help the fact finder understand matters beyond his experience. *Commonwealth* v. *Makarewicz*, 333 Mass. 575, 591 (1956). The judge could reasonably have taken the view that the jury would not benefit from outside help in deciding whether a hole in a parking lot was dangerous. Compare *Johnson* v. *Orange*, 320 Mass. 336 (1946) (jury could determine without help that a sidewalk with a slight slope was properly constructed); *Thomas* v. *Tom's Food World, Inc.*, 352 Mass. 449 (1967) (expert testimony not needed to show that a greasy ramp at a forty degree angle was dangerous). See generally Liacos, Handbook of Massachusetts Evidence 104-107 (5th ed. 1981 & Supp. 1985).

*Judgment affirmed.*