MICHAEL STONE, individually & as trustee,[1] *vs.* W. E.
AUBUCHON CO., INC.[2]

No. 89-P-351.

Worcester. March 19, 1990. - November 20, 1990.

Present: ARMSTRONG, CUTTER, & DREBEN, JJ.

*Real Property*, Right of first refusal, Option. *Contract*, Option. *Jurisdic-
tion*, Specific performance. *Practice, Civil*, Amendment, New trial, At-
torney's fees.

Discussion of the rights and duties of parties with respect to rights of first
    refusal to purchase real property and options to purchase. [526-528]
In the circumstances of a commercial lease under which the lessee had a
    right of first refusal to purchase the premises, the lessee did not assert
    its rights within a reasonable time when it waited more than three
    years to attempt to exercise the option after learning that the lessor had
    sold the property to a third party. [528]
In a civil action involving a commercial lease agreement, the judge cor-
    rectly denied the defendant's motion to amend its counterclaim to seek
    specific performance of an option to purchase real estate, where the
    defendant was not entitled to such relief as matter of law [528]; and
    the judge correctly allowed the plaintiff's motion to dismiss his claim
    for a declaration of the parties' rights under the lease brought against
    the previous owner and his attorney, where there was no prejudice to
    the defendant thereby [529].
In a civil action, the judge properly denied the defendant's motion for a
    new trial, and properly ruled that the damages awarded were not inade-
    quate. [529]
In the circumstances of a civil action, the defendant was not entitled to an
    award of attorney's fees; however, where the plaintiff did not appeal the
    $500 award, the defendant was allowed to retain it. [529-530]

CIVIL ACTION commenced in the Superior Court Depart-
ment on February 20, 1987.

---

[1] Of Stone Realty Trust. We refer to Stone and the trust as "Stone."

[2] Mr. Justice Cutter, a retired Justice recalled to active service pursuant
to statutory authority, joined in the disposition of this case. His term of
recall service ended before the opinion was issued.

The case was tried before *James P. Donohue*, J.

*Alfred B. Cenedella, III*, for the defendant.

*Paul Alan Rufo* (*Edward D. Kutchin* with him) for the plaintiff.

ARMSTRONG, J. In 1971 the defendant, Aubuchon Co., Inc., proprietor of a hardware store, leased premises in Milford from Riseberg Realty Corporation for a period of five years and three months. The lease provided for automatic extensions of five years, unless Aubuchon should give notice to the contrary, which potentially extended the lease term to December 31, 2001. Aubuchon was to pay a base monthly rent plus a percentage rent based on gross sales over certain amounts. The premises were to be used solely for a hardware store. Aubuchon would be permitted to assign or sublet, subject to the lessor's approval, which was not to be withheld unreasonably. Aubuchon was given a right of first refusal should Riseberg put the property up for sale, "said option [to be] exercised within thirty (30) days after notice by the [l]essor of any bona fide offer to purchase."

In May, 1983, Stone purchased the property from Riseberg. For purposes of this appeal we can assume that no prior notice was given to Aubuchon. On May 23, 1983, Aubuchon received notice from Stone that he had purchased the premises, and Aubuchon, as requested in the letter, thereafter sent its monthly rent payment to Stone. For three years no mention was made of the right of first refusal.

The trouble began in February, 1986, when Aubuchon notified Stone that it had closed its hardware store and requested permission to sublease the premises (without naming a proposed sublessee). Stone replied that he would not approve any sublease and that Aubuchon was in breach of the lease for failing to furnish income statements that were the basis for percentage rent calculations. Aubuchon later in the year designated a sublessee, whom Stone refused to approve. Stone sued Aubuchon for breach of the lease (closing the store), thereby depriving the landlord of percentage rent, and Aubuchon counterclaimed for breach of the lease by Stone (unreasonably withholding approval to sublease); each in-

cluded a count for violation of G. L. c. 93A, § 2. Because
Aubuchon, in the course of escalating hostilities, had un-
earthed the first refusal clause and Riseberg's failure to give
Aubuchon notice of the sale, Stone included a count for de-
claratory relief, alleging a dispute whether Aubuchon had
rights under the clause. Aubuchon's answer admitted the ex-
istence of a dispute. Stone's complaint also included counts
against Riseberg (for conveying a clouded title) and the at-
torney who handled the closing for Stone (for legal
malpractice).

On the eve of trial, Riseberg and the attorney worked out
settlements with Stone, who then moved for dismissal of the
counts for legal malpractice and defect of title. Aubuchon
assented, the counts were dismissed, and Riseberg and the
attorney were no longer defendants. Aubuchon now sought to
amend its counterclaim to add a claim for specific perform-
ance, i.e., seeking a conveyance of the property under the
first refusal clause. A judge other than the trial judge denied
the motion.

At trial it was agreed that the jury would be given the
parties' respective counts for breach of contract and for
G. L. c. 93A violations, and the judge would reserve to him-
self Stone's count for declaratory relief. The jury returned
special verdicts. On Stone's complaint the jury found that
Aubuchon was in breach of the contract, that Stone's dam-
ages were zero, and that Aubuchon had not violated G. L.
c. 93A. On Aubuchon's counterclaim the jury found that
Stone had not violated the contract but was guilty of a G. L.
c. 93A violation. For that the jury awarded damages of zero.
Now Stone moved for voluntary dismissal of its count for de-
claratory relief, which the judge allowed over (we are told)
Aubuchon's objection. All claims thus disposed of, judgments
were entered disposing of all claims without relief, the single
exception being that Aubuchon was awarded $500 for an at-
torney's fee and expenses under G. L. c. 93A, § 11. (The
award was entered before the decision in *Jet Line Servs., Inc.*
v. *American Employers Ins. Co.*, 404 Mass. 706, 718 [1989],
had established that attorneys' fees are not recoverable under

G. L. c. 93A, § 11, unless the plaintiff proves entitlement to "relief in some other respect" under c. 93A.)

The case is before us on Aubuchon's appeal. Its principal contention is that it was unfairly euchred out of its right to a conveyance under the first refusal clause when (1) the motion judge denied Aubuchon permission to amend its counterclaim to seek specific performance and (2) the trial judge allowed Stone's motion to dismiss his claim for declaratory relief. Amendments are liberally allowed in our practice, *Castellucci* v. *United States Fid. & Guar. Co.*, 372 Mass. 288, 289-290 (1977), although a judge may properly decline an amendment on the eve of trial that would prejudice other parties by raising new issues. *Id.* at 291-292. *Hall* v. *Horizon House Microwave, Inc.*, 24 Mass. App. Ct. 84, 88 (1987). *Hamed* v. *Fadili*, 27 Mass. App. Ct. 234, 239 (1989), *S.C.*, 408 Mass. 100 (1990). Here, Aubuchon's proffered specific performance amendment raised no issue that was not already before the court under the count for a declaration of the parties' rights and duties under the first refusal clause of the lease. Nevertheless, the denial was harmless, because Aubuchon was, as matter of law, not entitled to relief under the clause.

When the holder of a right of first refusal receives notice of a bona fide offer to purchase which the owner has decided to accept, the right of first refusal ripens into an option to purchase. *Mucci* v. *Brockton Bocce Club, Inc.*, 19 Mass. App. Ct. 155, 159 (1985). 1A, Corbin, Contracts § 261 at 472-473 (1963). See also *Roy* v. *George W. Greene, Inc.*, 404 Mass. 67, 69-70 (1989). A completed sale to a third party does not extinguish the lessee's right of first refusal. Rather, the lessee in such circumstances is entitled to exercise the option upon notice of the sale, and may enforce the option through an action for specific performance. *Tucker* v. *Connors*, 342 Mass. 376, 382 (1961). The option may be specifically enforced against the grantor, or in the alternative, a grantee who took with actual or constructive notice of the lessee's interest. *Tucker, supra* at 382-383. *Parkhurst* v. *Maynard*, 285 Mass. 59, 62-63 (1933). 1A Corbin, Con-

tracts § 261 at 479 (1963). See also *Abdallah* v. *Abdallah*, 359 F.2d 170, 174 (3d Cir. 1966); *Shell Oil Co.* v. *Trailer & Truck Repair Co.*, 638 F.Supp. 1105, 1106 (D.N.J. 1986); *Meyer* v. *Warner*, 104 Ariz. 44, 47 (1968); *Hancock* v. *Dusenberry*, 110 Idaho 147, 152˙(Ct. App. 1986). *C & J Delivery, Inc.* v. *Vinyard & Lee & Partners, Inc.*, 647 S.W.2d 564, 569 (Mo. App. 1983); Annot., 17 A.L.R. 3d 976 (1968).

It is basic, of course, that an option may be exercised only in strict compliance with its terms. *Westinghouse Bdcst. Co.* v. *New England Patriots Football Club, Inc.*, 10 Mass. App. Ct. 70, 73 (1980). *Loitherstein* v. *International Bus. Mach. Corp.*, 11 Mass. App. Ct. 91, 94-95 (1980). *McDonald's Corp.* v. *Lebow Realty Trust*, 710 F.Supp. 385, 386 (D. Mass. 1989)(applying Massachusetts law). If Riseberg had given notice of Stone's offer to Aubuchon in accordance with the requirements of the first refusal clause, Aubuchon would doubtless have been precluded from exercising its option after thirty days. This was not done, however, and Stone's letter notifying Aubuchon of his purchase did not disclose the purchase terms. In these circumstances, the thirty-day period for Aubuchon to exercise the option did not start to run. Compare *Hancock* v. *Dusenberry*, 110 Idaho at 151; *Atchison* v. *Englewood*, 193 Colo. 367, 375-378 (1977).

Nevertheless, Aubuchon could not wait indefinitely to assert its rights under the first refusal clause. In the circumstances, when Aubuchon learned of the sale to Stone, Aubuchon had a reasonable time to inquire into the terms of the purchase and to exercise its right. See *C & J Delivery, Inc.* v. *Vinyard & Lee & Partners, Inc.*, 647 S.W.2d at 569. See *Roy* v. *George W. Greene, Inc.*, 404 Mass. at 71. "[S]pecific performance, being an equitable remedy, must be asserted promptly unless there are circumstances which would excuse prompt action." *Abdallah* v. *Abdallah*, 359 F.2d at 174. To the same effect, see *Meyer* v. *Warner*, 104 Ariz. at 47; *C & J Delivery, Inc.* v. *Vinyard & Lee & Partners, Inc.*, 647 S.W.2d at 569. See also *McDonald's Corp.* v. *Lebow Realty Trust*, 710 F.Supp. 385, 388-389 (D.Mass.

1989)(holding that notice of a third-party offer to purchase requires a lessee holding both a right of first refusal and a fixed-price option to purchase to exercise one or the other promptly to avoid waiver of both), aff'd., 888 F.2d 912 (1st Cir. 1989). Compare *James* v. *Mitchell*, 159 Ga. App. 761 (1981). Contrast *Shell Oil Co.* v. *Hennessy*, 639 F.Supp. 626 (D.Mass. 1986), as modified by *McDonald's Corp.* v. *Lebow Realty Trust*, *supra* at 389 n.2. *Hancock* v. *Dusenberry*, 110 Idaho at 151-152, where the parties to the sale refused requests made by the holder of the first refusal option to disclose all the terms of the offer.

Here, Aubuchon did not promptly assert its right under the first refusal clause when it learned in May, 1983, of Stone's purchase of the property. Instead, it seemingly acquiesced in Stone's purchase by remitting the rent payments to Stone without mention of a right to purchase. Only when the parties started quarreling about the percentage rent and the proposed sublease three years later did Aubuchon assert rights under the first refusal clause and seek specific performance. "What is a reasonable time depends on all the circumstances of the case." *Powers, Inc.* v. *Wayside, Inc.*, 343 Mass. 686, 691 (1962). The determination should take account of the short period, thirty days, contemplated in the contract agreed to by the parties, as well as the fact that, in a first refusal situation, rights of third parties are necessarily drawn into question. "[W]here . . . the [relevant] facts are not in dispute the question [whether an act has been done within a reasonable time] becomes one of law." *Ibid.* *Radley* v. *Johnson*, 25 Mass. App. Ct. 969, 971 (1988). We hold that the three years and three months that passed between Aubuchon's learning of the sale and its attempt to exercise the option under the first refusal clause went, as matter of law, beyond the reasonable. Compare the *Abdallah, Meyer*, and *C & J Delivery, Inc.*, decisions cited above, and those cited in Annot., Timeliness of Notice of Exercise of Option to Purchase Realty, 87 A.L.R.3d 805, 821, 822-828 (1978). It was thus a proper ground for denial of Aubuchon's motion

to amend that its amendment would be futile. *Castellucci* v. *United States Fid. & Guar. Co.*, 372 Mass. at 290.

No question has been raised concerning the effect of the first refusal clause on any future sale by Stone. Aubuchon has pressed no claim for contract damages against Riseberg but rather consented to the dismissal of Riseberg as a party. The dismissal of the count for declaratory relief against Stone did not in these circumstances prejudice Aubuchon.

There was no error in the denial of Aubuchon's motion for a new trial. Whether the verdict was against the weight of the evidence was a matter within the discretion of the trial judge. *Solimene* v. *B. Grauel & Co., KG*, 399 Mass. 790, 802 (1987). *Adams* v. *United States Steel Corp.*, 24 Mass. App. Ct. 102, 103 (1987). The trial judge submitted the case to the jury without objection on the plaintiff's claim that there was an implied covenant that the lessee would continue operations at the premises. See *Stop & Shop, Inc.* v. *Ganem*, 347 Mass. 697, 701-702 (1964). As the lessee did not object to the judge's instructions on this issue, it may not raise an objection in this court. Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974). See *Solimene* v. *B. Grauel & Co., KG*, 399 Mass. at 804. The claim that damages were inadequate presented a matter for the judge's discretion. *Griffin* v. *General Motors Corp.*, 380 Mass. 362, 371 (1980). *Solimene* v. *B. Grauel & Co., KG*, 399 Mass. at 803. Any question concerning the inconsistency of the jury's special verdicts, not having been raised when the verdicts were returned, was waived. *Adams* v. *United States Steel Corp.*, 24 Mass. App. Ct. at 104-105. The jury's verdicts were entirely consistent with the judge's instructions. Compare *Morgan* v. *Lalumiere*, 22 Mass. App. Ct. 262, 266 (1986).

Finally, the contention that the award of counsel fees was inadequate is without merit. Aubuchon was not entitled to counsel fees. See *Jet Line Servs., Inc.* v. *American Employers Ins. Co.*, 404 Mass. at 718. It may retain the award it received only because Stone has not appealed. See *Boston Edison Co.* v. *Boston Redev. Authy.*, 374 Mass. 37, 43 n.5

(1977); *Mahoney* v. *Mahoney*, 5 Mass. App. Ct. 720, 726 (1977).

*Judgments affirmed.*