Singh, J.
As defendant Lisa Ryan (“Ryan”)[3] sought to make a left turn, her motor vehicle collided with an oncoming vehicle operated by Bradford Bishop (“Bishop”). Bishop’s backseat passenger, Melissa Ohrenberger (“Ohrenberger”), brought suit to recover damages for injuries allegedly sustained as a result of the accident. At trial, however, the jury determined that Ryan was negligent, but that her negligence was not a proximate cause of Ohrenberger’s injuries. A judgment of dismissal entered. Ohrenberger moved for a new trial as to the issue of damages only, and against Ryan only. After the trial judge denied her motion, Ohrenberger appealed from both the judgment and the denial of her motion for new trial. We find no error, and dismiss the appeal.
On the evidence at trial, the jury could have found the following facts. At approximately 10:00 P.M. on March 5, 2004, Bishop was driving a Chevrolet Blazer on Court Street in Brockton as he approached the intersection of Cary Street. He carried four passengers, including Ohrenberger, who was seated between two other passengers in the back seat. Ryan, who was driving a Chevrolet Tahoe in the opposite direction, approached the same intersection. When the traffic light turned green for both cars, Ryan took a left turn as Bishop was attempting to go straight. The two cars collided.
As to any injuries resulting from the accident, Ohrenberger testified that she was thrown forward and to her right side; that she banged her head, shoulder, hip, and knee; that she kept blacking out; that she was screaming at the top of her lungs because she was in pain; that she did not get out of the car until emergency personnel arrived and put her in a neck brace and stretcher; that doctors gave her cortisone shots for pain, took X-rays and recommended physical therapy; and that she *170 had internal bruising of her muscles and bones. In addition, Ohrenberger submitted medical records and bills.[4]
Ohrenberger’s first argument on this appeal is that the jury’s finding that Ryan’s negligence was not a proximate cause of her injuries is unsupported by the evidence. Yet the jury was free to disregard Ohrenberger’s testimony, as well as her documentation, regarding any injuries, even if that evidence was uncontradicted. See Piemonte v. New Boston Garden Corp., 377 Mass. 719, 733 (1979) (fact finder not obliged to accept plaintiff’s evidence simply because no other evidence was offered). Moreover, much of Ohrenberger’s evidence regarding injury was subjective, and regarding treatment was diagnostic. There was also evidence that Ohrenberger had been involved in two prior motor vehicle accidents in which she was injured. The jury could well have considered that any injuries Ohrenberger sustained were not as a result of the accident in question in this case.
Essentially, Ohrenberger’s claim that the jury’s verdict was unsupported by the evidence is an argument that the jury, having found Ryan to be negligent, was compelled to find that Ryan’s negligence was a proximate cause of her injuries. Stated generally, the argument is that the jury returned inconsistent answers in the verdict slip.[5] Ohrenberger is foreclosed, however, from raising this issue on appeal because she did not object before the jury was discharged. See Tarpey v. Crescent Ridge Dairy, Inc., 47 Mass. App. Ct. 380, 390 (1999), citing Uloth v. City Tank Corp., 376 Mass. 874, 884 (1978) (having failed to present motion raising issue of inconsistency in verdict before dismissal of jury, party may not argue inconsistency on appeal).
Ohrenberger also contends that there was an abuse of judicial discretion in the denial of her motion for a new trial[6] premised on the argument that the jury’s verdict was against the weight of the evidence. Although couched in different terms, the challenge is the same — an attack on the alleged inconsistency in the jury verdict.[7] There was no abuse of discretion in the denial of the motion as Ohrenberger was not entitled to raise the issue in a motion for new trial after having failed to raise the issue before the discharge of the jury. See Adams v. United States Steel Corp., 24 Mass. App. Ct. 102, 104 (1987) (late claim of inconsistency may not be raised in motion for new trial).
To the extent that any other issue was raised by the new trial motion, we conclude that the judge properly denied the motion. A judge should set aside a verdict as *171 against the weight of the evidence only when it is determined that the jury “failed to exercise an honest and reasonable judgment in accordance with the controlling principles of law.” O’Brien v. Pearson, 449 Mass. 377, 384 (2007), quoting Hartmann v. Boston Herald-Traveler Corp., 323 Mass. 56, 60 (1948). Here, there was ample evidence from which the jury could have found that Ohrenberger was not in fact injured, or not injured as a result of the accident in question.
Appeal dismissed.
So ordered.

 Ryan is the wife of defendant Mark Ryan, the owner of the vehicle. As the parties reached a stipulation regarding Mark Ryan, the question of his negligence did not go to the jury.

 On appeal, the only trial exhibits that have been presented to this Division are invoices from an ambulance company and a hospital for services rendered on the date of the accident.

 Although the centerpiece of the appeal is the jury’s answers to questions posed in the verdict slip, the parties failed to include the actual verdict slip. A draft verdict slip is included; however, it appears that even that draft was not in the form presented to the jury.

 Although Ohrenberger’s motion for new trial referenced Mass. R. Civ. P., Rule 59(a), her counsel argued that he was proceeding under Mass. R. Civ. P., Rule 60.

 At the motion hearing, counsel for Ohrenberger argued: “I think it’s an inconsistent verdict to say that the person turning left in front of an oncoming car in an intersection that caused major damage to both cars, that sent occupants of both cars to the hospital, that that was not a proximate cause of the injury.”