NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-769

GEORGE FRANCISCO

vs.

ROBERT PETTIE & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, George Francisco, filed a complaint in the Superior Court against the defendants, alleging negligence resulting in a motor vehicle accident.  Answering special verdict questions, the jury found that the defendant, Robert Pettie, was negligent but that his negligence was not the cause of the plaintiff's injuries.  Judgment entered for the defendants.  The plaintiff filed a motion for additur and/or reconsideration or in the alternative for a new trial; the motion was denied.  The plaintiff timely appealed the judgment and denial of the motion.  We affirm.

Background.  In 2014, while in stop and go traffic, the plaintiff was rear-ended by a Toyota Tacoma driven by Pettie on

_____

[1] American Gutter Cleaning and Installations, Inc.

Interstate Highway 93 near Boston.  Pettie estimated that he was traveling between five and thirteen miles per hour shortly before the accident.  The impact caused the front of the Tacoma to become lodged in a trailer hitch extending from the rear of the plaintiff's Ford F-350.  The parties do not dispute that Pettie was at fault for the accident or that he was driving a vehicle owned by his employer, defendant American Gutter Cleaning and Installations, Inc.  The question for the jury was whether Pettie's negligence was the cause of the plaintiff's claimed injuries.[2]

Discussion.  The plaintiff raises multiple issues on appeal, none of which persuades us that the judgment should be disturbed.  We address each in turn.

1.  Inconsistent verdict.  The plaintiff argues that the jury's answers to the special verdict questions (special questions) were inconsistent and therefore the verdict cannot stand.  Notably, the plaintiff does not contend that the special questions were inconsistent -- in fact, the judge adopted the plaintiff's proposed questions.  Rather, the plaintiff bases his argument on the judge's answer to a jury question received during its deliberations.  The jurors asked the following:

_____

[2] The plaintiff claimed that as a result of Pettie's negligence he "sustained serious injuries to his neck, back, head, arms and other injuries, suffered great mental and emotional pain, was obliged to expend monies for medical care and attendance."

2

"Regarding Question 1 on the special verdict questions, in order to satisfy the legal definition of negligence does the plaintiff have the burden of proving all, underlined, all four elements cumulatively." The note referenced "pages 23 to 24 of [the judge's] charge to the jury," which the jury had in the jury room.[3]

After discussion with the attorneys, the judge said that he planned to answer the question as follows: "The simple answer to the jury's question is, yes. The plaintiff must prove each of the elements of his negligence claim by a preponderance of the evidence . . . although it need not be the same seven jurors who agree as to each element." Both attorneys said they "agreed" with the proposed answer, and it was provided to the jury in writing. On appeal, the plaintiff contends that if the jury answered "yes" to the first special question, then in light of the judge's answer, the second special question would be moot. And because the jury answered "yes" to special question one and "no" as to special question two, the judge allowed a "contradictory and inconsistent verdict to stand."

We first observe that the plaintiff did not object to and in fact agreed with the judge's proposed answer to the jury question. Passing on whether this constitutes waiver, the

_____

[3] The jury received a written copy of the judge's charge to assist in its deliberation.

3

plaintiff's failure to object to the alleged inconsistent verdict before the jury was discharged is fatal to his claim. See Adams v. United States Steel Corp., 24 Mass. App. Ct. 102, 104 (1987) ("A party must object to inconsistent answers to special questions before the jury is discharged"). If there is no timely objection, any claim of error is waived and cannot be raised for the first time on appeal. See Shafnacker v. Raymond James & Assocs., Inc., 425 Mass. 724, 731 (1997). Here, approximately ten minutes after the judge answered the jury's question, it returned with a verdict. The clerk, without objection, then recorded the verdict. The plaintiff's request to then poll the jury was not a substitute for the failure to object. This claim is therefore waived.[4] See Adams, supra.

2. Cross-examination of defense expert witness. The plaintiff contends that the judge erred in precluding him from cross-examining the defendants' expert witness on his status as an employee of the defendants' liability insurer. We review for

---

[4] Although the judge's answer to the jury's question could have been more precise, taking the instructions as a whole, the jury's answers to the two special questions can be harmonized and thus are not inconsistent. See Solimene v. B. Grauel & Co., 399 Mass. 790, 800 (1987). A party's action may be negligent, but not the legal cause of the other party's injuries. See Restatement (Second) of Torts §§ 430, 431, and comments (1965). This is particularly true here, as Pettie admitted the accident was his fault but challenged whether that negligence was the cause of the plaintiff's claimed injuries. See Service Publ., Inc. v. Goverman, 396 Mass. 567, 573 n.8 (1986).

4

an abuse of discretion or error of law.  See <u>Antoniadis</u> v. <u>Basnight</u>, 99 Mass. App. Ct. 172, 176 (2021).  Ordinarily, a plaintiff may not elicit testimony showing that a defendant has liability insurance because evidence of insurance can lead to exaggerated verdicts for plaintiffs.  See <u>Goldstein</u> v. <u>Gontarz</u>, 364 Mass. 800, 808 (1974).  However, the rule does not necessitate exclusion of evidence of liability insurance when offered to prove bias of a witness.  See <u>McDaniel</u> v. <u>Pickens</u>, 45 Mass. App. Ct. 63, 66-67 (1998).

After consultation with the judge, the parties agreed that plaintiff's counsel would not elicit testimony about the defendants' liability insurance.  Rather, the plaintiff was permitted to elicit evidence that the expert witness was not impartial and independent, but rather that he was an employee of and intricately connected to the defendants.  On these facts, because the parties agreed, the judge did not abuse his discretion in limiting cross-examination.  However, the defendants are cautioned that in future cases, if an expert witness is connected to their liability insurer as this expert was, they should expect that such will be brought out in cross-examination, as it is appropriate evidence of bias.

3.  <u>Missing witness instruction</u>.  The plaintiff argues that the judge erred in denying his motion in limine that requested a missing witness instruction regarding the passenger in the

5

Tacoma.  We review for abuse of discretion.  See Mazzoleni v. Cotton, 33 Mass. App. Ct. 147, 150-151 (1992).  Here, the judge determined that the passenger's testimony would be cumulative of other evidence, particularly where Pettie admitted that he was at fault for the accident.  See Commonwealth v. Tripolone, 57 Mass. App. Ct. 901, 901 (2003).  And the judge allowed plaintiff's counsel to question Pettie regarding the passenger.  See Rolanti v. Boston Edison Corp., 33 Mass. App. Ct. 516, 526-527 (1992).  There was no error.

4.  Learned treatise.  The plaintiff claims that the judge abused his discretion in denying his motion in limine to enter into evidence two articles, contending that they were learned treatises.  The articles were authored by the owner of a company that sells safety equipment for receiving hitches, and explained that there is an increased risk of whiplash when someone is rear-ended in a vehicle with a receiving hitch.  There was no error as the judge properly found that the articles were not learned treatises where the author was selling a product, see Federico v. Ford Motor Co., 67 Mass. App. Ct. 454, 458-459 (2006), there was no evidence that the articles were from a reliable authority, see Commonwealth v. Sneed, 413 Mass. 387, 396 (1992), and the judge allowed plaintiff's counsel to

6

question the defendants' expert witness about the contents of the articles.[5]

5. Exclusion of citation issued by police. The plaintiff contends that the judge erred in excluding the traffic citation issued to Pettie by the responding State police trooper. There was no error as the citation amounted to a determination of fault, see LePage v. Bumila, 407 Mass. 163, 164-167 (1990), contained second level hearsay, see Julian v. Randazzo, 380 Mass. 391, 394 (1980), and Pettie did not contest that he was at fault for the accident.

6. Motion for directed verdict. The plaintiff contends that the judge erred in denying his motion for a directed verdict on the issue of liability. As did the trial judge, we "construe the evidence in the light most favorable to the nonmoving party and disregard that favorable to the moving party." O'Brien v. Pearson, 449 Mass. 377, 383 (2007). We ask whether a reasonable inference can be drawn in favor of the nonmoving party. See Dobos v. Driscoll, 404 Mass. 634, 656, cert. denied, 493 U.S. 850 (1989). Pettie admitted that the accident was his fault, and it was for the jury to determine

_____

[5] Because this is not a medical malpractice action, even if the judge found that the articles were learned treatises, plaintiff's counsel would only have been permitted to read the contents of the article into evidence on cross-examination. See Kace v. Liang, 472 Mass. 630, 645 (2015).

7

whether the plaintiff proved all four elements of negligence to establish legal liability. See Adams v. Congress Auto Ins. Agency, Inc., 90 Mass. App. Ct. 761, 765 (2016).[6] There was no error.

7. Exclusion of plaintiff's expert witness. The plaintiff next argues that the judge "erred by cancelling [his] ability to call [his] expert witness." He cites no authority for his proposition that the due process clause grants litigants a right to present expert testimony. Rather, "[t]rial judges have broad discretion to make . . . rulings conducive to the conduct of a fair and orderly trial" (quotations omitted). Bolton v. Massachusetts Bay Transp. Auth., 32 Mass. App. Ct. 654, 657 (1992). The plaintiff had multiple opportunities to present expert testimony, both in his case in chief and at the end of the defendants' case, but his expert witness failed to appear for trial. In fact, the trial had been continued for one week to accommodate the witness' schedule. The judge was not required to keep the jury for an undetermined time before the plaintiff's expert witness arrived. See id.

8. Other issues. The plaintiff claims error in the denial of his request to conduct an experiment in the courtroom, denial

---

[6] Additionally, the plaintiff failed to explain how the denial of his motion for a directed verdict on the issue of liability prejudiced him where the jury found the defendants negligent, thereby rendering the motion moot.

8

of his motion for additur or a new trial, and denial of his request to poll the jury.  Because he failed to cite to any authority on these issues, the arguments do not rise to the level of appellate argument, and therefore we need not address them.  See Cabot v. Cabot, 55 Mass. App. Ct. 756, 768 (2002); Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).[7]

Judgment affirmed.

Order denying motion for additur and/or reconsideration or in the alternative for new trial affirmed.

By the Court (Blake, Englander & Walsh, JJ.[8]),

Joseph F. Stanton

Clerk

Entered:  March 22, 2023.

---

[7] To the extent that the plaintiff raised arguments not discussed herein, we have not overlooked them but conclude that they do not merit discussion.  See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[8] The panelists are listed in order of seniority.

9